| | | |
|---|---|---|
| KEESHA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02914-TWP-TAB |
| | ) | |
| WEXFORD MEDICAL STAFF, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Indiana Women's Prison ("IWP").

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation

under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to

28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to

state a claim for relief, or seeks monetary relief against a defendant who is immune from such

relief. In determining whether the complaint states a claim, the Court applies the same standard

as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff

are construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against Julie Murphy and the Wexford Medical Staff at IWP. The plaintiff alleges that she was denied a hearing aid for over two months, which left her unable to hear. She therefore had difficulty following orders from staff, participating in activities, and her safety was put at risk.

The plaintiff's allegations may be sufficient to state an Eighth Amendment violation. However, her Complaint is nevertheless insufficient. First, she does not name the specific "Wexford Medical Staff" who were personally responsible for her lack of a hearing aid. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). To the extent the plaintiff is attempting to name anonymous medical staff at IWP, "it is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Second, defendant Julie Murphy is named in the caption, but the plaintiff's factual allegations do not include any allegations against Ms. Murphy. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

## II.

For the reasons set forth above, the plaintiff's Complaint must be dismissed. The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through January 9, 2019,** in which to file an amended complaint.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

Any amended complaint should have the proper case number, 1:18-cv-02914-TWP-TAB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 12/11/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEESHA BROWN
264030
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214